IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAT DEE LEATHERMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-086-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Pat Dee Leatherman, a state prisoner confined in the Correctional Institutions Division of the Texas Departent of Criminal Justice, against Lorie Davis, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On March 31, 2001, in Parker County, Texas, Petitioner called 911 and confessed to shooting his wife, Tracy Leatherman, numerous times with a shotgun. 01SHR[1] 33, ECF No. 17-1. On September 9, 2002, Petitioner pleaded guilty and judicially confessed to murder and was sentenced to thirty years' confinement. Clerk's R. 7-9, ECF No. 17-21. Petitioner did not directly appeal his conviction or sentence. Pet. 3,[2] ECF No. 1. However, he filed four state habeas-corpus applications

---

[1]"01SHR," "02SHR," "03SHR," and "04SHR" refer to the state court records in Petitioner's state habeas proceedings in WR-57,677-01, -02, -03, and -04, respectively.

[2]Because there are multiple attachments to the petition; thus, to avoid confusion, the pagination in the ECF header is used.

challenging the conviction. The first, filed on September 8, 2003,³ was denied without written order on February 18, 2004. 01SHR 2, 16, ECF No. 17-1. The second, filed on October 30, 2006,⁴ was dismissed for noncompliance with the Texas appellate rules on November 15, 2006. 02SHR 2, 7, ECF No. 17-3. The third, filed on January 12, 2007, was dismissed as a successive petition under Texas Code of Criminal Procedure article 11.07, § (4)(a)-(c) on May 9, 2007. 03SHR 2, 14, ECF No. 17-5. Over ten years later, on August 7, 2017, the clerk of court in the Corpus Christi division of the United States District Court for the Southern District of Texas received a "letter motion" from Petitioner, which was construed by that division as a habeas action under 28 U.S.C. § 2254 and transferred to this division. That prior federal petition was dismissed by this Court on February 20, 2018, for failure to exhaust state-court remedies. Order & Op., Leatherman v. Davis, Case No. 4:17-cv-660-O, ECF Nos. 2 & 49. Petitioner returned to state court and filed his fourth state habeas application on April 16, 2018, which was dismissed as a subsequent application under Texas Code of Criminal Procedure article 11, § 4(a)-(c) on June 6, 2018. 04SHR 31 & Action Taken, ECF Nos. 17-21 & 17-6. This second federal habeas petition challenging his 2002 conviction was filed on January 23, 2019.⁵ Petitioner raises four grounds for relief. Pet. 6-7, 10, ECF No. 1. Respondent asserts that the petition is procedurally-barred under the procedural-default doctrine or, in the alternative, that the petition is time-barred under the federal statute of limitations. Resp't's

---

³A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler,* 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's first and fourth state applications do not state the date he placed the documents in the prison mailing system; thus, the Court deems the applications filed on the date Petitioner signed the "Inmate's Declaration." 01SHR 8, ECF No. 17-1.

⁴Petitioner was represented by counsel in his second and third state habeas proceedings; thus, the prison mailbox rule does not apply. *See Cousin v. Lensing,* 310 F.3d 843, 846-47 (5th Cir. 2002).

⁵Likewise, a prisoner's pro se federal habeas petition is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts in his petition that he placed the document in the prison mailing system on January 23, 2019.

Preliminary Answer 1, 4-17, ECF No. 16. Because the Court finds that the petition is untimely, it is not necessary to address the procedural-default defense.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). *Id.* § 2244(d)(1)(A). For purposes of that provision, Petitioner's judgment of conviction became final upon expiration of the

time he had for filing a notice of appeal on October 9, 2002. TEX. R. APP. P. 26.2. Once triggered, the limitations period expired one year later on October 9, 2003. Therefore, Petitioner's federal petition was due on or before October 9, 2003, absent any tolling. *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. According to the Court's calculation, Petitioner's first state habeas application, pending from September 8, 2003, through February 18, 2004, operated to toll limitations for 164 days, making his petition due on or before Monday, March 22, 2004.[6] However, Petitioner's second and third state habeas applications, filed after limitations had expired, do not operate to further toll the limitations period. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Thus, Petitioner's federal petition is untimely unless he demonstrates that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Toward that end, Petitioner asserts that he is not an attorney and is "simply a Pro Se Litigant seeking the Mercy of this Court as he Presents the Facts and Evidence that Proves his Innocence as he Fights for his Freedom." Pet'r's Resp. 2, ECF No. 35. However, his pro-se status does not present an extraordinary circumstance warranting equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000). His extreme years-long delay also mitigates against equitable

---

[6]The year 2004 was a leap year, and March 21, 2004, was a Sunday.

tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

On the other hand, despite his guilty plea, Petitioner asserts that he is actually innocent. Pet'r's Resp. 3, ECF No. 35. A habeas petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Although actual innocence, if proved, can overcome the statute of limitations, arguably Petitioner waived his claim by entering a voluntary and knowing guilty plea to the offense. *See United States v. Vanchaik-Molinar,* 195 Fed. App'x 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). Even if *McQuiggin* applies in the context of a guilty plea, Petitioner has not made a colorable showing that he is actually innocent in light of "new evidence."

In support of his actual-innocence claim, Petitioner produced in state court, and here, a 2004 affidavit by his brother Doy Lou Leatherman, a 2004 affidavit by Jennifer Marie Fikes, a 2005 affidavit by his mother Darlene Leatherman, his own 2006 affidavit, a 2017 handwritten letter from Mary Carole Baldree, and notes from a 2004 interview between his attorney and Bobbie Whitworth, largely implicating Marty Charles as the perpetrator. Pet. 48-59, ECF No. 1. This so-called newly discovered evidence is not particularly persuasive or reliable, such that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. There were no

5

eyewitnesses to the murder. And, after the shooting, Petitioner walked to his brother Doy Lou's house and told him, "I think I just shot my old lady," and later called 911 and confessed that "I just blew my wife's shit away, I shot my wife with a 12 gauge shotgun, with double and triple ought buckshot, I don't think she's gonna live." Pet. 53, 62, ECF No. 1. Nor has Petitioner produced any exculpatory scientific or physical evidence in support of his claim. Petitioner asserts that he filed a motion for DNA and blood spatter testing in the trial court prior to filing this petition, however he admits that those tests have not been completed and returned to him. Pet'r's Resp. 1, 9-10, ECF No. 35. Petitioner also asserts that a "Gun Powder Residue Wipe Down Test" indicated no gun powder residue was found on him and that the state withheld a recording of a phone call between Mildred King and his mother Darlene Leatherman with exculpatory value. However, Petitioner provides no proof of these assertions. *Id.* at 4, 9. Bald assertions, unsupported and unsubstantiated by anything else in the record, lack probative evidentiary value. *See Ross v. Estelle,* 694 U.S. 1008, 1011 (1983). Petitioner has not demonstrated a basis for equitable tolling.

Accordingly, Petitioner's federal petition was due on or before March 22, 2004. His petition filed on January 23, 2019, is nearly fifteen years too late.

## III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED. All motions not previously ruled upon are DENIED.

**SO ORDERED** on this 9th day of September, 2019.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**